Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Qiongyue Hu (SBN 319839)
qhu@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff*
*Chrome Hearts LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHROME HEARTS LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>PINKCOBOUTIQUE LLC, a Florida Limited Liability Company; QUKNHIYA HILL, an Individual; QUANEISHA HILL, an Individual; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>**1. TRADEMARK INFRINGEMENT**<br><br>**2. FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTIONS**<br><br>**3. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE, § 17200, et seq.**<br><br>**4. COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Chrome Hearts LLC ("Chrome Hearts" or "Plaintiff") for its claims against Defendants Pinkcoboutique LLC, Quknhiya Hill, Quaneisha Hill and DOES 1-10 (collectively, "Defendants") alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff files this action against Defendants for trademark infringement and false designation of origin under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), and related claims of trademark infringement and

unfair competition under the statutory and common law of the State of California.

2. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over Plaintiff's state and common law claims under 28 U.S.C. § 1367(a) because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendants because Defendants maintain a principal place of business, conduct continuous and systematic business, placed Accused Products in the stream of commerce directed to residents of, derived commercial benefits from the sale of Accused Products, and caused injuries to Plaintiff all within the State of California.

4. Venue is proper under 28 U.S.C. §§ 1391 (b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district.

## THE PARTIES

5. Plaintiff Chrome Hearts LLC ("Chrome Hearts") is a limited liability company organized and existing under the laws of the state of Delaware, with an office and principal place of business at 915 North Mansfield Avenue, Los Angeles, California 90038.

6. Upon information and belief, Defendant Pinkcoboutique LLC is a Florida Limited Liability Company with a principal place of business located at 4829 Playschool Dr, Jacksonville, FL 32210.

7. Upon information and belief, Defendant Quknhiya Hill is an individual residing at 4829 Playschool Dr, Jacksonville, FL 32210 and is an owner, officer, director, and/or managing agent of Pinkcoboutique LLC.

8. Upon information and belief, Defendant Quaneisha Hill is an individual residing at 4829 Playschool Dr, Jacksonville, FL 32210 and is an owner, officer, director, and/or managing agent of Pinkcoboutique LLC.

9. Chrome Hearts is unaware of the names and true capacities of Defendants, whether individuals, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Chrome Hearts will seek leave to amend this complaint when their true names and capacities are ascertained. Upon information and belief, each one of Defendants caused or are in some manner responsible for causing the wrongful acts alleged herein, and that at all relevant times each one was the agent, servant, and/or employee of the other Defendants acting within the course and scope of said agency, service, and employment.

10. Upon information and belief, at all relevant times herein, each one of Defendants knew or reasonably should have known of the wrongful acts and behavior alleged herein and the damages caused thereby, ratified and encouraged such acts and behavior, and/or had a non-delegable duty to prevent such acts and behavior but failed or refused to do so.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. The Chrome Hearts Brand and Trademarks

11. Chrome Hearts LLC ("Chrome Hearts") has been designing, manufacturing, and selling artistically styled leather goods, apparel, jewelry, and accessories since 1988.

12. Chrome Hearts sells a wide variety of quality artistic products, including leather pants, leather jackets, leather vests, sterling silver jewelry, including necklaces, bracelets, rings and wallet chains, belt buckles, fabric apparel, bags and a wide collection of other products, including furniture, eyewear, and crystal ware.

13. Chrome Hearts products are sold in the exclusive CHROME HEARTS stores throughout the world, on its official website www.chromehearts.com, and in select specialty stores, such as Selfridges in London, Bergdorf Goodman in New York and the United Arrows and Dover Street Market Ginza boutiques in Japan.

14. Chrome Hearts is known for combining the look of rugged apparel with fashion attire to make fashion apparel and accessories. All of Chrome Hearts' leather

products are adorned with sterling silver hardware, including all of the buttons and ornamental pieces. Chrome Hearts is also known for using suede inlay designs in connection with leather clothing.

15. Entertainers, such as Madonna, Arnold Schwarzenegger, Rihanna, Cher, Kate Hudson, Tom Brady, David Beckham, and Lenny Kravitz can all be seen in Chrome Hearts' fashions.

16. In 1993, the Council of Fashion Designers of America ("CFDA") presented Chrome Hearts with an unsolicited award as designer of the year for its innovative accessories and jewelry designs.

17. Virtually all Chrome Hearts® products, including clothing, denim, and jewelry, are handmade in Los Angeles by Chrome Hearts' craftsmen. The level of expert workmanship exercised by these individuals is superior and conforms with the strict standards established by Chrome Hearts.

18. Chrome Hearts® products have been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public around the world, including articles in the United States, Germany, Japan and France. These articles have acclaimed the high artistry, fashion and style of Chrome Hearts' designs and the uniqueness of the designs.

19. Chrome Hearts is the owner of the CHROME HEARTS word mark, various design only marks, and composite trademarks comprising the CHROME HEARTS mark and design components, including in relevant part the following U.S. federal trademark registrations (collectively, the "Chrome Hearts Marks"):

| Chrome Hearts' Mark | U.S. Reg. No. | Goods/Services |
|---|---|---|
| CHROME HEARTS | 1,665,791 | 025: Men's and Women's Clothing, Namely, Pants, Shirts, Tee Shirts, Sweaters, Jackets, Vests, Chaps, Skirts, |

| Chrome Hearts' Mark | U.S. Reg. No. | Goods/Services |
|---|---|---|
|  |  | Belts, Underwear, Gloves, Shoes and Boots. |
|  | 3,546,039 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweat shirts, sweat pants, jeans, pants, sweaters, skirts, dresses, jackets, coats, undergarments, hats, socks and footwear |
|  | 2,118,026 | 025: Men's and Women's Clothing, Namely, Pants, Shirts, Tee Shirts, Sweaters, Jackets, Vests, Chaps, Skirts, Belts, Underwear, Gloves, Shoes and Boots. |
|  | 2,216,575 | 025: Clothing; namely, tee shirts, shirts, tank tops, pants, chaps jeans, sweaters and jackets. |

| Chrome Hearts' Mark | U.S. Reg. No. | Goods/Services |
|---|---|---|
| | 3,542,742 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweat shirts, sweat pants, jeans, pants, sweaters, skirts, dresses, jackets, coats, undergarments, hats, socks and footwear. |
| | 2,408,082 | 025: Men's and women's clothing; namely, jeans, leather pants, skirts, jackets, chaps, sweaters, vests, tee-shirts and shirts. |
| | 3,385,416 | 025: Clothing, namely, tee shirts, shirts, sweaters, tank tops, sweatshirts, hats and pants. |
| | 3,388,911 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweatshirts, sweat pants, sweaters and hats. |

| Chrome Hearts' Mark | U.S. Reg. No. | Goods/Services |
|---|---|---|
|  | 3,606,059 | 025: Clothing; Namely, Shirts, Trousers, Jackets, Vests, Chaps, Men's and Women's Underwear, Coats, Clothing Belts, Gloves and Boots. |
|  | 4,494,945 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweaters, sweat shirts, vests, dresses, skirts, jackets, coats, jeans, leather pants, chaps, undergarments, swimwear, hats and footwear |
|  | 3,388,920 | 025: Clothing, namely, tee shirts, shirts, sweatshirts, jackets and pants. |
|  | 4,619,674 | 025: Clothing, namely, tee shirts, shirts, tank tops, sweat shirts, sweat pants, vests, sweaters, jeans, pants, chaps, dresses, skirts, jackets, coats, underwear, swimwear, hats, socks and footwear. |

20. Chrome Hearts has always devoted substantial time, effort, and money to designing, developing, advertising, promoting, and marketing its products, and spends on average over $1 million per year on advertising, promoting, and marketing the

CHROME HEARTS® brand. As a result of its efforts, Chrome Hearts has sold over a billion dollars' worth of clothing, all bearing one or more of the Chrome Hearts Marks.

21. Registrations for many of the Chrome Hearts Marks, including the specific registration identified above, are valid, subsisting and are incontestable. Through longstanding use, advertising, and registration, the Chrome Hearts Marks have achieved a high degree of consumer recognition and constitute famous marks.

22. Chrome Hearts has continuously used the Chrome Hearts Marks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods since their respective dates of first use.

23. The Chrome Hearts Marks have come to identify, in the United States and throughout the world, high quality leather fashions, jewelry and accessories designed and manufactured by Chrome Hearts.

24. Due to Chrome Hearts' long use, extensive sales, and significant advertising and promotional activities, the Chrome Hearts Marks have achieved widespread acceptance and recognition amongst the consuming public and trade throughout the United States.

**B.   Defendants' Infringing Conduct**

25. The present lawsuit arises from Defendants' manufacture, production, marketing, distribution, advertisement, offering for sale, and/or sale of clothing products and accessories that bear counterfeit marks identical and/or confusingly similar to one or more of the Chrome Hearts Marks (the "Accused Products"), several exemplars of which are shown below:

*Examples of Accused Products*

*Examples of Accused Products*



*Examples of Accused Products*



*Examples of Accused Products*



***Examples of Accused Products***

26. Upon information and belief, Defendants engaged in the promotion, marketing and sale of clothing products and accessories through their website (https://pinkcoboutique.com/) as well as their social media accounts on Instagram (@pinkco.boutique and @knhiya) all which are accessible to consumers throughout the United States, including those within this judicial district.

27. Upon information and belief, through the aforementioned social media accounts, Defendants directly target consumers with the Accused Products, including those within this judicial district.

28. Upon information and belief, Defendants offered for sale, sold, and shipped to consumers in this judicial district the Accused Products.

29. Upon information and belief, Defendants engaged in the above infringing activities with the knowledge that Plaintiff was a company with its principal place of business located in this judicial district.

30. Chrome Hearts has not granted a license or given Defendants any form of permission to use intellectual property belonging to Chrome Hearts, including the Chrome Hearts Marks, in any way.

31. Upon information and belief, Accused Products that Defendants sold and shipped to this district are very likely cause confusion for consumers in this district, including Plaintiff's customers, who, at the time of initial interest, sale, and in the post-

sale setting are led to believe that the Accused Products are genuine goods originating from, associated with, and/or approved by Chrome Hearts.

32. Upon information and belief, Defendants' unlawful acts have misled and confused, and were intended to cause confusion, or to cause mistake, or to deceive as to the origin, affiliation, or association of the Accused Products with Chrome Hearts, and the sponsorship or approval of the Accused Products by Chrome Hearts.

## FIRST CAUSE OF ACTION

**(Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114)**

33. Plaintiff incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

34. The Chrome Hearts Marks are nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality, with Chrome Hearts being the exclusive source of all such products.

35. The specific U.S. registrations to the Chrome Hearts Marks identified herein are in full force and effect, and each one has been in continuous use since their respective first dates of use.  Indeed, the specific U.S. registrations identified herein, like many Chrome Hearts Marks, are incontestable by virtue of their registrations and continuous use in commerce for more than five years.

36. The Accused Products bear identical or confusingly similar reproductions of one or more Chrome Hearts Marks that are likely to lead to and result in consumers believing that Chrome Hearts produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Chrome Hearts.

37. Defendants' use of the Chrome Hearts Marks is without Chrome Hearts' permission or authority and in total disregard of Chrome Hearts' rights to control its intellectual property.

38. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure

Chrome Hearts and reap the benefit of Chrome Hearts' goodwill associated with the Chrome Hearts Marks.

39. As a direct and proximate result of Defendants' infringing conduct, Chrome Hearts has been injured and will continue to suffer injury to its business and reputation unless Defendants are enjoined by this Court from advertising, selling, and offering for sale products bearing the Chrome Hearts Marks that are not in fact authentic Chrome Hearts® products.

40. Chrome Hearts has no adequate remedy at law.

41. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using any of the Chrome Hearts Marks, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, attorneys' fees and treble damages, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a)-(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CAUSE OF ACTION

**(False Designation of Origin and False Descriptions – 15 U.S.C. § 1125(a))**

42. Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

43. Defendants' unauthorized use of marks confusingly similar to the Chrome Hearts Marks on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Chrome Hearts or come from the same source as Chrome Hearts' goods when in fact they do not.

44. Defendants' use of the Chrome Hearts Marks is without Chrome Hearts' permission or authority and in total disregard of Chrome Hearts' rights to control its trademarks.

45. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Chrome Hearts has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Chrome Hearts.

46. Chrome Hearts has no adequate remedy at law.

47. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using any of the Chrome Hearts Marks, and/or any marks identical and/or confusingly similar thereto, and to recover from Defendants all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, attorneys' fees and treble damages, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a)-(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## THIRD CAUSE OF ACTION

**(Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 et seq.)**

48. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

49. The Chrome Hearts Marks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

50. Through prominent, long, and continuous use in commerce, the Chrome Hearts Marks have become and continue to be famous and distinctive in the State of California.

51. Defendants' misappropriation of the Chrome Hearts Marks was intended to capitalize on Chrome Hearts' goodwill for Defendant's own pecuniary gain.

52. Defendants' unauthorized use of the Chrome Hearts Marks dilutes the distinctive quality of the Chrome Hearts Marks and decreases the capacity of such marks to identify and distinguish Chrome Hearts' products and has caused a likelihood of harm to Chrome Hearts' business reputation.

53. By the acts described above, Defendants have caused and will continue to cause irreparable injury to Chrome Hearts' goodwill and business reputation, in violation of Cal. Bus. & Prof. Code § 17200 et seq.

54. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

55. Defendants are liable to Chrome Hearts for all damages, whether direct or indirect, for the misappropriation of Chrome Hearts' trademarks, reputation and goodwill, which damages are subject to trebling.

56. Upon information and belief, Defendants will continue their infringing acts unless restrained by this Court.

57. Defendants' acts have damaged and will continue to damage Chrome Hearts, and Chrome Hearts has no adequate remedy at law.

58. In light of the foregoing, Chrome Hearts is entitled to all available relief provided for in California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et. seq. including permanent injunctive relief, restitution, and attorneys' fees and costs.

**FOURTH CAUSE OF ACTION**

**(Common Law Trademark Infringement and Unfair Competition)**

59. Chrome Hearts incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

60. Chrome Hearts owns and enjoys common law trademark rights to the Chrome Hearts Marks in California and throughout the United States.

61. Defendants' misappropriation of Chrome Hearts' common law trademarks was intended to capitalize on Chrome Hearts' goodwill for Defendant's own pecuniary

gain. Chrome Hearts has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of Marks. As a result of Chrome Hearts' efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Chrome Hearts.

62. Defendants' unauthorized use of the Chrome Hearts Marks has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Chrome Hearts.

63. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Chrome Hearts.

64. Defendants' acts constitute unfair competition under California common law.

65. Chrome Hearts has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' infringing conduct unless it is enjoined by this Court.

66. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Chrome Hearts in reckless disregard of Chrome Hearts' rights. Said conduct was despicable and harmful to Chrome Hearts and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants and to deter them from similar such conduct in the future.

67. In light of the foregoing, Chrome Hearts is entitled to injunctive relief prohibiting Defendants from using the Chrome Hearts Marks to recover all damages, including attorneys' fees, that Chrome Hearts has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chrome Hearts LLC respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

1. Entry of an ORDER granting temporary, preliminary and permanent

injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

  a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products and/or any other products that bear the Chrome Hearts Marks, or any other marks confusingly similar thereto;

  b. engaging in any other activity constituting unfair competition with Chrome Hearts, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Chrome Hearts;

  c. committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Chrome Hearts;

2. Entry of an ORDER directing Defendants to recall from any distributors and retailers and to deliver to Chrome Hearts for destruction, or other disposition, all remaining inventory of the Accused Products, in addition to any other goods that infringe upon Chrome Hearts' rights to the Chrome Hearts Marks, including all advertisements, promotional and marketing materials therefore, as well as means of making same in their possession or under their control;

3. Entry of an ORDER directing Defendants to disclose their supplier(s) and manufacturer(s) of the Accused Products and provide all documents, correspondence, receipts, and invoices associated with the purchase of the Accused Products;

4. Entry of an ORDER directing Defendants to file with this Court and serve on Chrome Hearts within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

5.    Entry of an ORDER for an accounting by Defendants of all gains, profits, and/or advantages derived from their infringing acts pursuant to 15 U.S.C. § 1117(a);

6.    An award of all profits that Defendants have derived from using the Chrome Hearts Marks, trebled, as well as costs and attorneys' fees to the full extent provided for by Section 35 of the Lanham Act; alternatively, an award of statutory damages pursuant to 15 U.S.C. § 1117 up to $2 million per trademark counterfeited and infringed, per type of good;

7.    An award of enhanced damages due to Defendants' willful infringement;

8.    An award of applicable interest amounts, costs, disbursements, and/or attorneys' fees, as an exceptional case under 15 U.S.C. § 1117 or otherwise;

9.    An award of fees and punitive damages to the full extent available in connection with Chrome Hearts' claims under California law; and

10.    Any such other relief that may be just and proper.

Dated:    January 5, 2022    BLAKELY LAW GROUP

By:    */s/ Qiongyue Hu*
Brent H. Blakely
Qiongyue Hu
***Attorneys for Plaintiff
Chrome Hearts LLC***

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Chrome Hearts LLC hereby demands a trial by jury as to all claims in this litigation.

Dated: January 5, 2022    BLAKELY LAW GROUP

By:  /s/ Qiongyue Hu
Brent H. Blakely
Qiongyue Hu
***Attorneys for Plaintiff
Chrome Hearts LLC***